UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY ADELL,

    Plaintiff,

  v.                                        Case No. 19-C-868

JOLINDA WATERMAN, et al.,

    Defendants.

## ORDER

      Plaintiff is proceeding on Eighth Amendment claims in this action under 42 U.S.C. § 1983. On June 17, 2020, I ordered the parties to submit dispositive motions by November 19, 2020. Dkt. No. 22. Plaintiff filed his motion for summary judgment on August 26, 2020. Dkt. No. 25. I granted Defendants' request to file a consolidated motion for summary judgment and response to Plaintiff's motion by November 19, 2020. Dkt. No. 38. Defendants filed their motion for summary judgment on that date. Dkt. No. 41. The next day, the Court sent Plaintiff notice of Defendants' motion and ordered Plaintiff to respond by December 21, 2020. Dkt. No. 50. I warned Plaintiff that his failure to respond to Defendants' motion is sufficient cause to grant their motion and dismiss this case. *Id.* at 2. On November 30, 2020, the Court received back the notice and order sent to Plaintiff ten days earlier with the notation "Inmate Refused." Dkt. No. 51.

      On December 9, 2020, Defendants moved to dismiss this case for failure to prosecute or, alternatively, to consider Plaintiff's summary judgment materials already filed. Dkt. No. 52. Defendants state that their summary judgment materials were e-filed November 19, 2020, and mailed to Plaintiff the next day. *Id.* at 2. They state Plaintiff refused to accept his mail, including

Defendants' summary judgment materials and the Court's November 20, 2020 notice and order to respond to Defendants' motion. *Id.* Defendants state that, on November 30, 2020, they received back the documents mailed to Plaintiff, just as the Court's order was returned. *Id.* at 2–3.

Defendants attach an incident report from Plaintiff's institution dated November 23, 2020. Dkt. No. 54-2. The incident report states that a sergeant attempted to deliver Plaintiff's mail pursuant to prison policy, asking him to show identification so the sergeant could verify he was the correct recipient. *Id.* at 1; Dkt. No. 54-1 (DAI Policy #309.04.01). Plaintiff refused to present his identification and told the sergeant instead to "just open it and give it to him." Dkt. No. 54-2 at 1. The sergeant reiterated that he needed to verify that Plaintiff was the intended recipient, and Plaintiff "turned away from me and refused to talk with me anymore." *Id.* Because the sergeant could not verify Plaintiff as the intended recipient, he accepted Plaintiff's noncompliance as a refusal of the mail, returned the mail to the mailroom, and wrote the incident report. *Id.*; *see* Dkt. No. 54-1 at 6 (DAI 309.04.01(V)(E)(1)). Plaintiff later rejected other mail from a range officer, stating "get away from my door I don't want anything." *Id.* The sergeant notes that "the sender of one of the letters was clerk of courts and the other two pieces of mail was [sic] sent from State of Wisconsin." *Id.* Defendants submitted copies of the two returned envelopes, which were sent by "State of Wisconsin Department of Justice" and include the same "Inmate Refused" notation found on the Court's returned mail. Dkt. Nos. 53-1 & 53-2. Counsel for Defendants states the envelopes contained copies of Defendants' summary judgment materials. Dkt. No. 53, ¶¶ 3–4.

Defendants assert that, because Plaintiff refused to accept Defendants' filings and this Court's order, the Court should dismiss this lawsuit under Federal Rule of Civil Procedure 41(c) for failure to prosecute. Dkt. No. 52 at 3. Defendants cite Case No. 17-C-267-JPS, another of Plaintiff's cases in this district, in which Plaintiff similarly refused to accept mail containing

2

Defendants' summary judgment materials and later insisted Defendants had not moved for summary judgment. *Id.* As in this case, Plaintiff refused to comply with a correctional officer's request that Plaintiff verify his mail before receiving it. *Adell v. Wis. Dep't of Corr.*, No. 17-CV-267-JPS, 2018 WL 895551, at *2 (E.D. Wis. Feb. 14, 2018). The Court directed Plaintiff to respond to Defendants' summary judgment materials, but he failed to do so. Dkt. No. 52 at 3–4. The court accepted as undisputed Defendants' proposed facts and granted their motion for summary judgment. *Id.* at 4 (citing *Adell*, 2018 WL 895551, at *2–3). In the alternative, Defendants ask that I deny Plaintiff's motion for summary judgment, accept their proposed facts as undisputed, and grant their motion for summary judgment. *Id.* at 4–5.

Plaintiff's deadline to respond to Defendants' motion for summary judgment has passed, and he has not submitted any response materials. Plaintiff does, however, contest their motion to dismiss. He asserts he had "a dispute" with the staff member who attempted to deliver his mail and has since grieved the staff members actions, alleging retaliation. Dkt. No. 55 at 1. He states that the prison policy for delivering mail changed in August 2020, "[u]nbeknowest to the plaintiff," to allow prison staff, and not only the unit sergeant, to deliver inmates' legal mail. *Id.* at 1–2. Plaintiff asserts he was at a hospital when the rule changed and was unable to review the policy afterwards because his prison is on lockdown. *Id.* at 2. He states he learned of the new policy only when Defendants filed their motion to dismiss. *Id.* An institutional complaint examiner dismissed Plaintiff's grievance about his mail, which he also disputes and states his mail should have been held pending review and not returned to the sender. *Id.* at 3.

Plaintiff's alleged ignorance of the change in the prison's policy for delivering inmate mail does not excuse his actions. The incident report says Plaintiff first told the staff member (a sergeant) to open the mail without Plaintiff verifying his identity. When the sergeant informed

3

Plaintiff he needed to show his identification, Plaintiff turned away and refused to speak with the sergeant. Plaintiff did not ask the sergeant why he, and not the unit sergeant (assuming they are different people), was delivering the mail. He simply refused to accept it. He later again refused his mail, telling a range officer "get away from my door I don't want anything." As Defendants note, this is not the first documented instance where Plaintiff refused his mail when prison staff asked him to verify his identification before opening the mail in Plaintiff's presence. Plaintiff knew the prison's rules required him to verify his mail before receiving it, regardless of who was delivering it to him. His actions suggest not a dispute with prison staff, as Plaintiff alleges, but the same "juvenile behavior" that led to dismissal of his previous lawsuit. *Adell*, 2018 WL 895551, at *3.

Plaintiff also knew Defendants' motion and exhibits were coming. I previously granted their request to file a consolidated response to Plaintiff's motion for summary judgment and their own motion for summary judgment. Dkt. No. 38. Plaintiff is an active litigant who has filed many cases in this Court, several of which have reached summary judgment. He is familiar with this Court's rules and deadlines governing summary judgment, and in nearly all his other cases he has complied with those rules and deadlines. As in Case No. 17-C-267-JPS, Plaintiff's refusal to abide by prison rules and accept his legal mail is not good cause for failing to comply with court orders and respond to Defendants' motion.

Alternatively, even if I ignore Plaintiff's willful refusal to accept his legal mail, Defendant's motion for summary judgment would be granted. Because Plaintiff failed to respond to Defendants' proposed findings of fact, they are deemed admitted. Civil L.R. 7(d). Based upon the undisputed facts before me, Defendants are entitled to judgment as a matter of law. Defendants' motion is therefore granted.

4

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 52) is **GRANTED**. *See* Civil L. R. 41(c) (E.D. Wis.).

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 25) is **DENIED,** and Defendants' motion for summary judgment (Dkt. No. 41) is **GRANTED**.

Dated at Green Bay, Wisconsin this 15th day of January, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.